Linda S. McATEE, Claimant/Appellant,

v.

BIO–MEDICAL APPLICATIONS OF MISSOURI, INC., and Division of Employment Security, Respondents.

No. ED 81673.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 15, 2002.

Linda S. McAtee, St. Charles, pro se.

St. Charles Dialysis, St. Peters, pro se.

Alan J. Downs, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

Linda S. McAtee, the claimant, filed an appeal from the decision of the Labor and Industrial Relations Commission denying her application for review as untimely. The respondent, the Division of Employment Security (DES), has filed a motion to dismiss the appeal contending this Court is without jurisdiction to consider the claimant's appeal. The claimant has filed no response to the motion.

On December 3, 2002, a deputy from DES made a determination that the claimant was disqualified from receiving unemployment benefits because she voluntarily quit her employment without good cause attributable to her work. The claimant filed an appeal with the Appeals Tribunal on April 5, 2002. The Appeals Tribunal initially dismissed her appeal as untimely, but later set aside that order and scheduled a hearing to determine whether the claimant had good cause under section 288.070.8, RSMo 2000, for filing her appeal late. The Appeals Tribunal determined that no good cause was shown, and dismissed her appeal as untimely under section 288.070.4. The Appeals Tribunal mailed its decision to claimant on May 23, 2002. The claimant filed an application for review with the Commission on June 25, 2002. The Commission denied her application for review because it was untimely. The claimant appealed to this Court.

Section 288.200, RSMo 2000, requires that an appeal to the Commission shall be postmarked or filed within thirty days of the mailing of the Appeals Tribunal's decision. The claimant's application for review to the Commission was not filed within thirty days of the mailing of the Appeals Tribunal's decision and thus, was untimely. Her failure to request review in a timely fashion divested both the Commission and this Court of jurisdiction. *Phillips v.*

*Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App. W.D.1997). Moreover, unlike section 288.070, there is no mechanism under sections 288.200 or 288.210 to seek a special order to file a late notice of appeal. *Phillips,* 34 S.W.3d at 855.

The respondent's motion to dismiss the appeal is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.