Donald BASS, Claimant/Appellant,

v.

YONG MIN KIM, and Division of Employment Security, Respondents.

No. ED 82237.

Missouri Court of Appeals, Eastern District, Division Five.

March 25, 2003.

Donald Bass, St. Louis, pro se.

Yong Min Kim, St. Louis, pro se.

Larry R. Ruhmann, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

■ The claimant, Donald Bass, appeals the order of the Labor and Industrial Relations Commission affirming and adopting the decision of the Appeals Tribunal of the Division of Employment Security. The Appeals Tribunal had determined the claimant was disqualified from receiving unemployment insurance benefits because he left work voluntarily without good cause attributable to the work or the employer. Because the claimant's notice of appeal is untimely, we dismiss the appeal.

■ As in all cases, this Court has a duty to examine its jurisdiction *sua sponte*. *City of Brentwood v. Barron Holdings Intern., Ltd., L.L.C.*, 66 S.W.3d 139, 142 (Mo. App. E.D.2001). In employment security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal. *Mathis v. Louis County Health*, 84 S.W.3d 524, 525 (Mo. App.E.D.2002). Section 288.210, RSMo 2000, governs appellate jurisdiction in employment security cases. That statute provides an aggrieved party twenty days after a decision of the Commission becomes final within which to appeal that decision by filing a notice of appeal. *Id.* A decision of the Commission becomes final ten days after the date it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its order to the claimant on November 14, 2002. The order became final ten days later on Monday, November 25, 2002, and the claimant's notice of appeal was due on Monday, December 16, 2002. Section 288.210; Section 288.240, RSMo 2000. Thus, the claimant's notice of appeal, which was filed on December 17, 2002, was one day late.

We issued an order to the claimant asking him to show cause why his appeal should not be dismissed. The claimant filed a response indicating he had postage problems and his notice of appeal was returned to him. Under section 288.240, a notice of appeal mailed to and received by the Commission will be considered filed as of the date endorsed on the envelope in which the notice of appeal is enclosed. Here, the claimant mailed the notice of appeal to the Commission. The Commission filed the notice of appeal on December 17, 2002, the date the envelope was endorsed by the post office. The claimant does not deny this is the date endorsed on the envelope which arrived at the Commission, but rather offers an explanation as to why he had to mail the envelope twice.

■ Unfortunately, the procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). Although the claim-

ant may have had a good reason for his late notice of appeal, neither section 288.200 nor section 288.210 provides a mechanism for seeking a special order to file a late notice of appeal. *Mathis*, 84 S.W.3d at 525; *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.