Daniel P. LOCKTON, Claimant/Appellant,

v.

TRAININGSCAPE, INC., and Division of Employment Security, Respondents.

No. ED 82886.

Missouri Court of Appeals, Eastern District, Division Five.

June 30, 2003.

Daniel P. Lockton, St. Louis, pro se.

Trainingscape Inc., Carlsbad, CA, pro se.

Marilyn G. Green, Jefferson City, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Daniel Lockton, appeals the decision of the Labor and Industrial Relations Commission dismissing his application for review as untimely. The respondent, Division of Employment Security, has filed a motion to dismiss the appeal contending this Court is without jurisdiction. The claimant has filed no response to the motion. We dismiss the appeal for lack of jurisdiction.

On May 21, 2002, a deputy from the Division of Employment Security determined that the claimant was an insured worker, but only with a benefit year beginning May 19, 2002. The claimant filed an appeal with the Appeals Tribunal on February 10, 2003. Under section 288.070.4, RSMo 2000, this appeal was due within

---

2. Father's motion to dismiss these appeals for deficiencies in Mother's brief is denied.

thirty days after the mailing of the deputy's determination. As a result of its untimeliness, the Appeals Tribunal issued a decision dismissing the claimant's appeal. The Appeals Tribunal mailed its decision to the claimant on February 26, 2003. The claimant then filed an application for review with the Commission by fax on April 3, 2003. The Commission dismissed the claimant's application for review because it was untimely.

Section 288.200, RSMo 2000, requires that an application for review to the Commission shall be postmarked or filed within thirty days of the mailing of the Appeals Tribunal's decision. Here, the Appeals Tribunal mailed its decision to the claimant on February 26, 2003. Therefore, the claimant's application for review was due on March 28, 2003. Section 288.200. The claimant's application for review was not filed until April 3, 2003, and was untimely.

The timely filing of an application for review in an administrative case is jurisdictional. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The claimant's application for review to the Commission was not filed within thirty days of the mailing of the Appeals Tribunal's decision and thus, was untimely. His failure to request review in a timely fashion divested both the Commission and this Court of jurisdiction. *McAtee v. Bio–Medical Applications of Missouri, Inc.,* 87 S.W.3d 894, 895 (Mo.App. E.D.2002). In addition, section 288.200 does not provide any exceptions for filing out of time. *Id.*

The respondent's motion to dismiss the appeal is granted and the appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.