**Mary Ann PARENT,**
**Claimant/Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

No. ED 83144.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 19, 2003.

Mary Ann Parent, Ferguson, pro se.

Ronald Joe Miller, Jefferson City, MO, Alan J. Downs, Assistant Attorney General's Office, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

Mary Ann Parent (Claimant) appeals from a decision by the Labor and Industrial Relations Commission (Commission) denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

On November 4, 2002, a deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits because she was not available for work. On February 28, 2003, Claimant filed an appeal with the Appeals Tribunal, which dismissed her appeal because it was untimely. The Appeals Tribunal mailed this decision to Claimant on March 17, 2003. Over two months later, on May 31, 2003, Claimant filed an application for review with the Commission. The Commission denied Claimant's application for review because it was also untimely. Claimant appealed to this Court.

In response to Claimant's appeal, the Division has filed a motion to dismiss the appeal. The Division contends that Claimant's untimely appeal to the Commission divested both the Commission and this Court of jurisdiction to consider her appeal. Claimant has not filed a response to the motion.

Section 288.200[1] gives a claimant thirty (30) days after the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal mailed its decision to Claimant on March 17, 2003. Claimant filed her application for review with the Commission well over thirty days later, on May 31, 2003. Therefore, her appeal was untimely.

Claimant's failure to file her appeal in a timely fashion divested both the Commission and this Court of jurisdiction. *McAtee v. Bio–Medical Applications of Missouri, Inc.*, 87 S.W.3d 894, 895 (Mo.App. E.D.2002). Moreover, Section 288.200 fails to provide any mechanism for a party to seek a special order to file a late application for review. *Id.* The Division's motion

to dismiss is granted, and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY and GEORGE W. DRAPER, III, JJ., concur.

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.