**Kelly S. CASTELLO,
Claimant/Appellant,**

v.

**STANDARD MACHINE AND DIVISION OF EMPLOYMENT SECURITY, Respondents.**

No. ED 83080.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 2, 2003.

Kelly Castello, St. Louis, pro se.

Ronald Joe Miller, Jefferson City, MO, for Division of Employment Security.

Larry Raymond Ruhmann, St. Louis, MO, for Standard Machine & Manufacturing Company.

SHERRI B. SULLIVAN, Chief Judge.

Kelly S. Castello (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) order denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

On July 30, 2002, a deputy of the Division of Employment Security (Division) concluded that Claimant was disqualified from unemployment benefits because she left work without good cause attributable to her work or employer. Claimant filed a timely appeal with the Appeals Tribunal, which affirmed the deputy's determination. The Appeals Tribunal mailed this decision to Claimant on October 3, 2002. Over seven months later, on May 1, 2003, Claimant filed an application for review with the Commission. The Commission denied Claimant's application for review because it was untimely. Claimant appeals to this Court.

In response to Claimant's appeal, the Division has filed a motion to dismiss the appeal. The Division contends that Claimant's untimely appeal to the Commission divested both the Commission and this Court of jurisdiction to consider her appeal. Claimant has not filed a response to the motion.

Section 288.200 [1] gives a claimant thirty (30) days after the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal mailed its decision to Claimant on October 3, 2002. Claimant filed her application for review with the Commission over seven months later, on May 1, 2003. Therefore, Claimant's application for review was untimely.

Claimant's failure to file her application for review with the Commission in a timely fashion divested the Commission and this Court of jurisdiction. *McAtee v. Bio-Medical Applications of Missouri, Inc.*, 87 S.W.3d 894, 895 (Mo.App. E.D.2002). In addition, there is no mechanism under Section 288.200 for a special order to file a late application for review. *Id.* Without jurisdiction, this Court must grant the Division's motion to dismiss. Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., concur.

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.