Suzana LONG, Claimant/Appellant,

v.

**TA OPERATING CORPORATION
and Division of Employment
Security, Respondents.**

No. ED 83214.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 2, 2003.

Suzana Long, Cape Girardeau, MO, pro se.

Robert Eugene James, Overland Park, KS, for TA Operating Corp.

Ronald Joe Miller, Jefferson City, MO, Larry Raymond Ruhmann, St. Louis, MO, for Division of Employment.

SHERRI B. SULLIVAN, Chief Judge.

Suzana Long (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

On December 14, 1999, a deputy of the Division of Employment Security (Division) found that Claimant was eligible for unemployment benefits. Her employer, TA Operating Corporation, filed a timely appeal with the Appeals Tribunal. After a hearing in which Claimant did not appear, the Appeals Tribunal determined Claimant was disqualified from receiving unemployment benefits because she voluntarily quit work without good cause attributable to her work or employer. The Appeals Tribunal mailed this decision to Claimant on February 9, 2000.

Over three years later, Claimant filed an application for review with the Commission on June 23, 2003. The Commission denied the application for review because it was untimely under Section 288.200.[1] Claimant now appeals to this Court. The Division has filed a motion to dismiss the appeal, contending that Claimant's untimely appeal to the Commission divested both the Commission and this Court of jurisdiction to consider her appeal. Claimant has not filed a response to the motion.

Section 288.200 provides that an application for review filed with the Commission shall be postmarked or filed within thirty (30) days of the mailing of the Appeals Tribunal decision. Here, the Appeals Tribunal mailed its decision to Claimant on February 9, 2000. Claimant filed her application for review over three years later, on June 23, 2003. Therefore, her appeal to the Commission was untimely.

In her application for review with the Commission, Claimant contended that she did not know about the employer's dispute of her unemployment or the hearing. However, no matter the reason, Section 288.200 fails to provide a party with any way to seek a special order for late application for review. *McAtee v. Bio–Medical Applications of Missouri, Inc.,* 87 S.W.3d 894, 895 (Mo.App. E.D.2002); *see also, Bass v. Yong Min Kim,* 101 S.W.3d 333 (Mo.App. E.D.2003). In addition, as the Division suggests, Claimant's failure to file

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

her appeal in a timely fashion divested both the Commission and this Court of jurisdiction. *Id.* The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

**1.** All statutory references are to RSMo.2000, unless otherwise indicated.