Karen **NORVELL**, Claimant/Appellant,

v.

**SCHNUCKS MARKETS, INC.
and Division of Employment
Security, Respondents.**

**No. ED 83584.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 2, 2003.

Karen Norvell, St. Louis, pro se.

Schnucks Markets Inc., In care of UC Express, St. Louis, pro se.

Cynthia Ann Quetsch, Labor & Industrial Relations office, Jefferson City, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

Karen Norvell (Claimant) appeals from an order of the Labor and Industrial Relations Commission (Commission) denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security (Division) determined that Claimant was disqualified from unemployment

benefits because she left work with her employer voluntarily without good cause attributable to her work or employer. Claimant filed a timely appeal with the Appeals Tribunal, which affirmed the deputy's determination after a telephone hearing. On July 30, 2003, the Appeals Tribunal mailed its decision to Claimant. On September 2, 2003, Claimant filed an application for review with the Commission. The Commission denied Claimant's application for review because it was untimely under Section 288.200.[1] Claimant now appeals to this Court.

In response to Claimant's appeal, the Division has filed a motion to dismiss the appeal. The Division contends that Claimant's untimely appeal to the Commission divested both the Commission and this Court of jurisdiction to consider her appeal. Claimant has not filed a response to the Division's motion.

Section 288.200.1 gives a claimant thirty days following the mailing of the Appeals Tribunal decision to file an application for review with the Commission. The Appeals Tribunal mailed its decision to Claimant on July 30, 2003. Therefore, Claimant's application for review was due by August 29, 2003, within thirty days of the mailing of the Appeals Tribunal decision. Claimant filed her application for review with the Commission on September 2, 2003. Accordingly, Claimant's application for review was untimely.

Claimant's failure to timely file her application for review with the Commission divested both the Commission and this Court of jurisdiction. *McAtee v. Bio–Medical Applications of Missouri, Inc.,* 87 S.W.3d 894, 895 (Mo.App. E.D.2002). The procedures outlined for appeal by statute in unemployment security cases are mandatory. *Id.* Additionally, Section 288.200

provides no mechanism to seek a special order to file a late application for review. *Id.*

The Division's motion to dismiss is granted. Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

1. All statutory references are to RSMo. (2000), unless otherwise indicated.