Joan BAKER, Claimant/Appellant,

v.

Dorothy L. ARNOLD and Division of Employment Security, Respondents.

No. ED 83601.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 23, 2003.

Joan Baker, Fenton, pro se.

Dorothy L. Arnold, St. Louis, pro se.

Cynthia Ann Quetsch, Labor & Industrial Relations, Jefferson City, MO, for Div. Employment Security.

SHERRI B. SULLIVAN, Chief Judge.

Joan Baker (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security (Division) found that Claimant was disqualified from receiving unemployment benefits because she voluntarily quit work without good cause attributable to her work or employer. The deputy also concluded that Claimant had been overpaid benefits due to this disqualification. Claimant appealed to the Appeals Tribunal, but she subsequently withdrew her appeal. The Appeals Tribunal mailed its decision allowing Claimant to withdraw her appeal on February 11, 2003.

Claimant filed an application for review asking to reopen her appeal with the Commission on September 18, 2003. The Commission denied the application for review because it was untimely under Section

288.200.[1] Claimant now appeals to this Court.

In response to Claimant's appeal, the Division has filed a motion to dismiss the appeal. The Division argues that Claimant's untimely appeal to the Commission divested both the Commission and this Court of jurisdiction to consider her appeal. Claimant has not filed a response to the motion.

Section 288.200.1 provides a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal mailed its decision to Claimant on February 11, 2003. Claimant's application for review was due thirty days thereafter on March 13, 2003.[2] Claimant filed her application for review with the Commission on September 18, 2003, and therefore, it was untimely.

Claimant's failure to file her application for review in a timely fashion divested both the Commission and this Court of jurisdiction. *McAtee v. Bio–Medical Applications of Missouri, Inc.*, 87 S.W.3d 894, 895 (Mo.App. E.D.2002); *See also, Bass v. Yong Min Kim*, 101 S.W.3d 333 (Mo.App. E.D.2003). Section 288.200 provides no mechanism for filing a late application for review with the Commission and the procedures are mandatory. *McAtee*, 87 S.W.3d at 895. The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. We shall assume for the sake of argument that an order allowing a claimant to withdraw an appeal may be appealed to the Commission.