Virgil WILLIAMS, Claimant/Appellant,

v.

MITCH MURCH'S MAINTENANCE MANAGEMENT COMPANY, and Division of Employment Security, Respondents.

No. ED 83626.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 23, 2003.

Virgil William, St. Louis, pro se.

Mitch Murch's Maintenance, St. Louis, pro se.

Cynthia Ann Quetsch, Labor & Industrial Relations, Jefferson City, MO, for Div. Employment Security.

SHERRI B. SULLIVAN, Chief Judge.

Virgil Williams (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying his application for review as untimely. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security (Division) found that Claimant was disqualified from receiving unemployment benefits because he voluntarily quit work without good cause attributable to his work or employer. Claimant appealed to the Appeals Tribunal, which subsequently dismissed the appeal as untimely. The Appeals Tribunal mailed its decision to Claimant on August 19, 2003. Claimant

---

filed an application for review with the Commission on September 29, 2003. The Commission denied the application for review because it was untimely under Section 288.200.[1] Claimant now appeals to this Court.

In response to Claimant's appeal, the Division has filed a motion to dismiss the appeal. The Division argues that Claimant's untimely appeal to the Commission divested both the Commission and this Court of jurisdiction to consider the appeal. Claimant has not filed a response to the motion.

Section 288.200.1 provides a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal mailed its decision on August 19, 2003. Therefore, Claimant's application for review was due on September 18, 2003. Claimant's application for review, filed on September 29, 2003, was untimely.

Claimant's failure to file his application for review in a timely fashion divested both the Commission and this Court of jurisdiction. *McAtee v. Bio–Medical Applications of Missouri, Inc.*, 87 S.W.3d 894, 895 (Mo.App. E.D.2002); *See also, Bass v. Yong Min Kim*, 101 S.W.3d 333 (Mo.App. E.D.2003). Section 288.200 provides no mechanism for filing a late application for review with the Commission and the procedures are mandatory. *McAtee*, 87 S.W.3d at 895. The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.