Kheli N. JOHNSON,
Claimant/Appellant,

v.

BARNES–JEWISH HOSPITAL
and Division of Employment
Security, Respondents.

No. ED 83647.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 23, 2003.

Kheli N. Johnson, St. Louis, pro se.

Barnes–Jewish Hospital, St. Louis, pro se.

Cynthia Ann Quetsch, Labor & Industrial Relations, Jefferson City, for Div. Employment Security.

SHERRI B. SULLIVAN, Chief Judge.

Kheli Johnson (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

A deputy of the Division of Employment Security (Division) found that Claimant was disqualified from receiving unemployment benefits because she voluntarily left work without good cause attributable to her work or employer. Claimant left her job because she broke her foot. In two other decisions, the deputy concluded that Claimant was ineligible for benefits for several weeks because she was unavailable

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

for work. Claimant appealed these three decisions to the Appeals Tribunal. The Tribunal affirmed the deputy's finding that Claimant was ineligible for benefits. The Tribunal also concluded that Claimant left her work for a medical problem not related to her work or employer and disqualified her from unemployment benefits until she earned wages for insured work ten times her weekly benefit.

The Appeals Tribunal mailed its decision to Claimant on July 29, 2003. Claimant filed an application for review with the Commission on September 13, 2003. The Commission denied the application for review because it was untimely under Section 288.200.[1] Claimant now appeals to this Court. The Division has filed a motion to dismiss the appeal. The Division argues that Claimant's untimely appeal to the Commission divested both the Commission and this Court of jurisdiction to consider the appeal. Claimant has not filed a response to the motion.

A claimant has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Section 288.200.1. Here, the Appeals Tribunal mailed its decision on July 29, 2003. Claimant's application for review was due thirty days thereafter on August 28, 2003. Claimant's application for review, filed on September 13, 2003, was therefore untimely.

Claimant's failure to file her application for review in a timely fashion divested both the Commission and this Court of jurisdiction. *McAtee v. Bio–Medical Applications of Missouri, Inc.*, 87 S.W.3d 894, 895 (Mo.App. E.D.2002); *See also, Bass v. Yong Min Kim*, 101 S.W.3d 333 (Mo.App. E.D.2003). Section 288.200 provides no mechanism for filing a late application for review with the Commission and the procedures are mandatory. *McAtee*, 87 S.W.3d at 895. The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

1. All statutory references are to RSMo 2000, unless otherwise indicated.