David BREEDEN, Claimant/Appellant,

v.

**GAINEY TRANSPORTATION and Division of Employment Security, Respondents.**

No. ED 83692.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 13, 2004.

■■■■■■■■■■■■■■■■■■■■■

David Breeden, Owensville, pro se.

Gainey Transportation, Grand Rapids, MI, pro se.

Cynthia Ann Quetsch, Labor & Industrial Relations, Jefferson City, for Div. Employment Security.

SHERRI B. SULLIVAN, Chief Judge.

David Breeden (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) denying his application for review as untimely. We dismiss the appeal for lack of jurisdiction.

exceptions applies here.

A deputy of the Division of Employment Security (Division) concluded that Claimant was entitled to unemployment benefits and had quit his employment for good cause attributable to his work. Claimant's employer appealed to the Appeals Tribunal. After a hearing, the Appeals Tribunal reversed the deputy's determination and disqualified Claimant from receiving unemployment benefits. The Appeals Tribunal mailed its decision to Claimant on July 30, 2003.

Claimant filed an application for review with the Commission on September 15, 2003. The Commission denied the application for review because it was untimely under Section 288.200.[1] Claimant now appeals to this Court.

The Division has filed a motion to dismiss the appeal. The Division argues that Claimant's untimely appeal to the Commission divested both the Commission and this Court of jurisdiction to consider his appeal. Claimant has not filed a response to the motion.

Section 288.200.1 provides a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal mailed its decision on July 30, 2003. Claimant's application for review was due on August 29, 2003. Thus, Claimant's application for review filed on September 15, 2003 was untimely.

Claimant's failure to file his application for review in a timely fashion with the Commission divested both the Commission and this Court of jurisdiction. *Bass v. Yong Min Kim,* 101 S.W.3d 333 (Mo.App. E.D.2003). Section 288.200 provides no mechanism for filing a late application for review with the Commission and the procedures are mandatory. *McAtee v. Bio–*

*Medical Applications of Missouri, Inc.,* 87 S.W.3d 894, 895 (Mo.App. E.D.2002). The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All statutory references RSMo 2000, unless otherwise indicated.