Victoria SCHERR, Claimant/Appellant,

v.

**GENERAL NUTRITION CENTER and Division of Employment Security, Respondents.**

No. ED 83725.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 13, 2004.

Victoria Scherr, High Ridge, pro se.

Thomas Darin Boggs, Clayton, MO, for Respondent.

Cynthia Ann Quetsch, Labor & Industrial Relations, Jefferson City, MO, for DES.

SHERRI B. SULLIVAN, Chief Judge.

Victoria Scherr (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying her application for review as untimely. We dismiss the appeal for lack of jurisdiction.

1. All statutory references RSMo 2000, unless otherwise indicated.

After Claimant applied for unemployment benefits, a deputy of the Division of Employment Security (Division) determined that she was disqualified from benefits because she had been discharged for misconduct connected with her work. Claimant appealed to the Appeals Tribunal, which affirmed the deputy's determination. The Appeals Tribunal mailed its decision to Claimant on August 26, 2003. Claimant then filed an application for review with the Commission. The Commission denied Claimant's application for review as untimely under Section 288.200.[1] Claimant now appeals to this Court.

The Division has filed a motion to dismiss the appeal, arguing that Claimant's application for review with the Commission was untimely and thus divested both the Commission and this Court of jurisdiction. Claimant has not filed a response to the motion.

Section 288.200.1 provides a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal mailed its decision to Claimant on August 26, 2003. Therefore, Claimant's application for review with the Commission was due thirty days later, on September 25, 2003.

Claimant's application for review has a faxed date of September 27, 2003. The Commission first file-stamped Claimant's application for review on September 26, 2003, but later changed the file-stamp date to September 29, 2003 for reasons not apparent from the record. All three of these dates are untimely. In her notice of appeal to this Court, Claimant asserts that she filed the application for review on September 26, 2003. However, even if she did, it was still untimely.

Claimant's failure to file her application for review in a timely fashion with the Commission divested both the Commission and this Court of jurisdiction. *Bass v. Yong Min Kim*, 101 S.W.3d 333 (Mo.App. E.D.2003). Section 288.200 provides no mechanism for filing a late application for review with the Commission and the procedures are mandatory. *McAtee v. Bio–Medical Applications of Missouri, Inc.*, 87 S.W.3d 894, 895 (Mo.App. E.D.2002). The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.