Jeffrey **COOLEY**, Claimant/Appellant,

v.

The **MAY DEPARTMENT STORES CO.** and **Division Of Employment Security**, Respondents.

No. ED 83770.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 13, 2004.

Jeffrey Cooley, St. Louis, pro se.

The May Department Store, St. Louis, pro se.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

Cynthia Ann Quetsch, Labor & Industrial Relations, Jefferson City, for Div. Employment Security.

SHERRI B. SULLIVAN, Chief Judge.

Jeffrey Cooley (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying his application for review as untimely. We dismiss the appeal for lack of jurisdiction.

After Claimant applied for unemployment benefits, a deputy of the Division of Employment Security (Division) determined that he was disqualified from benefits because he had left work without good cause attributable to his work. Claimant appealed to the Appeals Tribunal, which agreed with the deputy's determination. The Appeals Tribunal mailed its decision to Claimant on August 7, 2003. Claimant then filed an application for review with the Commission on October 6, 2003. The Commission denied the application for review, concluding it was untimely under Section 288.200.[1] Claimant now appeals to this Court.

The Division has filed a motion to dismiss the appeal, arguing that Claimant's untimely appeal to the Commission divested this Court of jurisdiction to consider his appeal. Claimant has not filed a response to the motion.

Section 288.200.1 provides a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal mailed its decision on August 7, 2003. Therefore, Claimant's application for review to the Commission was due on September 6, 2003. Sections 288.200.1 and 288.240. Because September 6 was on a Saturday, Claimant actually had until September 8, 2003 to file his application for review. Section 288.240. Claimant filed his application for review on October 6, 2003, and therefore, it was untimely.

Claimant's failure to file his application for review in a timely fashion with the Commission divested both the Commission and this Court of jurisdiction. *Bass v. Yong Min Kim,* 101 S.W.3d 333 (Mo.App. E.D.2003). Section 288.200 provides no mechanism for filing a late application for review with the Commission and the procedures are mandatory. *McAtee v. Bio-Medical Applications of Missouri, Inc.,* 87 S.W.3d 894, 895 (Mo.App. E.D.2002). The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY and GEORGE W. DRAPER III, JJ., concur.

[1] All statutory references are to RSMo 2000, unless otherwise indicated.