Willie Lee SIMPSON,
Claimant/Appellant,

v.

SEVEN SEVENTEEN HB REDEVELOPMENT d/b/a Adams Mark Hotel
and Division of Employment Security,
Respondents.

No. ED 83686.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 27, 2004.

Willie Lee Simpson, St. Louis, pro se.

Carla Szablowski, St. Louis, MO, for Adam's Mark Hotel.

Cynthia Ann Quetsch, Jefferson City, MO, for Division of Employment Security.

SHERRI B. SULLIVAN, Chief Judge.

Willie Lee Simpson (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying his application for review as untimely. We dismiss the appeal for lack of jurisdiction.

Claimant applied for unemployment benefits. Initially, a deputy of the Division of Employment Security (Division) determined that he was eligible for benefits. However, his employer, Adams Mark Hotel, appealed from this determination to the Appeals Tribunal. After a hearing, the Appeals Tribunal concluded that Claimant was disqualified from "waiting week" credit or benefits for four weeks and was otherwise ineligible for unemployment benefits because he had been discharged for misconduct connected with his

work. Claimant filed an application for review with the Commission, which it denied. Claimant now appeals to this Court.

The Division has filed a motion to dismiss the appeal, arguing that Claimant's application for review to the Commission was untimely, and therefore, this Court does not have jurisdiction to consider his appeal. Claimant has not filed a response to the motion.

Section 288.200.1[1] provides a claimant with thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. Here, the Appeals Tribunal mailed its decision to the parties on November 14, 2002. Several months later, Claimant filed his application for review on September 25, 2003. However, Claimant's application for review to the Commission was due on Monday, December 16, 2002. Sections 288.200.1 and 288.240. Claimant's application for review filed on September 25, 2003 was untimely.

Neither the Commission nor this Court has jurisdiction because of Claimant's failure to file his application for review with the Commission in a timely fashion. *Bass v. Yong Min Kim,* 101 S.W.3d 333 (Mo. App. E.D.2003). In addition, there is no provision in Section 288.200 for filing a late application for review with the Commission and its procedures are mandatory. *McAtee v. Bio–Medical Applications of Missouri, Inc.,* 87 S.W.3d 894, 895 (Mo.App. E.D.2002). The Division's motion to dismiss is granted and Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

**1.** All statutory references are to RSMo 2000, unless otherwise indicated.