Charles PERRY, Appellant,

v.

Andrew TIERSMA and Division of Employment Security Respondents.

No. 25999, 26001.

Missouri Court of Appeals, Southern District, Division One.

Aug. 23, 2004.

Charles Perry, pro se.

Marily Green, Cynthia A. Quetsch, Jefferson City, for Respondent Missouri Division of Employment Security.

PREWITT, J.

Charles Perry ("Claimant") appeals two decisions of the Labor and Industrial Relations Commission ("the Commission"), cases which have been consolidated on appeal before this Court. The Commission affirmed two separate decisions of the Appeals Tribunal of the Missouri Division of Employment Security, in which the Appeals Tribunal dismissed Claimant's appeals because they had not been filed within the thirty-day statutory limit. The Division of Employment Security ("the Division") asks that this Court affirm the decisions of the Commission and has also filed a motion to strike Claimant's brief for its alleged failure to comply with Rule 84.04.

On August 2, 2003, Claimant filed an initial claim for benefits. Andrew Tiersma ("Employer") filed a letter of protest to the claim that was received by the Division on August 12, 2003. On August 28, 2003, the Division issued two determinations, each titled "Deputy's Determination Concerning Claim for Benefits."

The first determination indicated that Claimant was ineligible for benefits "from 7/27/03 because [Claimant] left work with the above Employer voluntarily without good cause attributable to his work or employer on 5/22/03." The reason for the determination provided by the Division was that Claimant "quit because he believed that he had been terminated by [Employer] .... [but] [Employer] did not discharge [Claimant]."

Within the second determination, the Division indicated that Claimant was disqualified from benefits "from 8/22/03 because [Claimant] failed, without good cause, on 8/22/03 to apply for or accept available suitable work." Under the reason section, it was noted that Claimant "refused work because he believed that the job was not permanent and illegal .... [but][t]he work offered to [Claimant] was suitable."

The record indicates that both determinations were mailed to Claimant on August 28, 2003. Each determination provided Claimant with information regarding his right to appeal to the Appeals Tribunal and that, if he chose to appeal, it must be filed by September 29, 2003. On October 9, 2003, Claimant filed an appeal of each of the determinations to the Appeals Tribunal. Neither appeal indicated why it was filed after the date noted in the determinations.

On October 22, 2003, the Appeals Tribunal issued two decisions, dismissing Claimant's appeals because they had not been filed within the thirty-day statutory limit. The decisions further noted that since the thirty-day limit had elapsed at the time the appeals were filed, "the deputy's determination[s] [have] become final."

On October 30, 2003, Claimant appealed the decisions of the Appeals Tribunal to the Commission. None of the documentation provided to the Commission included any explanation from Claimant regarding the alleged untimeliness of his appeals to the Appeals Tribunal. The Commission issued its decisions in the matter on November 18, 2003, affirming the decisions of the Appeals Tribunal. Claimant subsequently filed a notice of appeal with this Court for each separate decision. As noted above, those cases were consolidated.

Under § 288.070, RSMo 2000, "[u]nless the claimant or any interested party within thirty calendar days after notice of such determination is either delivered in person or mailed to the last known address of such claimant or interested party files an appeal from such a determination, it shall be final." § 288.070.4, RSMo 2000. The statute also provides that "the thirty-day period mentioned in subsection 4 of this section may, for good cause, be extended." § 288.070.8, RSMo 2000.

■ The statutory procedures outlined for appeal in unemployment security cases are mandatory. *McAtee v. Bio-Medical Applications of Missouri, Inc.*, 87 S.W.3d 894, 895 (Mo.App.2002). Further, if considering the timeliness of an appeal to the Commission, the timely filing of an application for review in an administrative case is jurisdictional. *Lockton v. Trainingscape, Inc.*, 109 S.W.3d 227, 228 (Mo. App.2003).

■ The scope of this Court's review on appeal of unemployment compensation cases is limited to whether the Commission's decision is supported by competent and substantial evidence, and is authorized by law. *Campbell v. Labor and Indus. Relations Comm'n*, 907 S.W.2d 246, 249 (Mo.App.1995). This Court may only address issues that were determined by the Commission and may not consider issues not before the Commission. *Lost in the Fifties, LLC v. Meece*, 71 S.W.3d 273, 280 (Mo.App.2002).

Claimant raises issues in his appeal to this Court in which he argues that the determinations of the Division were based on fraud and that the evidence was insufficient to support the *Commission's* (emphasis ours) findings that Claimant had quit work voluntarily and had failed to apply for or accept suitable work. However, it was the Division that made those findings in its determinations. The issue before the Commission was the timeliness of Claimant's appeals of the determinations to the Appeals Tribunal.

Reviewing the entire record, we find that the decisions of the Commission were supported by substantial evidence and authorized by law.

■ We acknowledge, as raised by the Division in its respondent brief and separate "Motion to Strike Appellant's Brief," that Claimant's compliance with Rule 84.04 was, at the very least, less than stellar. Although Claimant appears pro se, he is held to the same standard as an attorney and must comply the requirements of Rule 84.04, as substantial compliance with Rule 84.04 is mandatory. *Woodson v. City of Independence*, 124 S.W.3d 20, 24 (Mo.App.2004). However, we have used our discretion here to review the appeal on its merits even though various portions of Claimant's brief do not comply with Rule 84.04. *Id.* Thus, we deny the Division's motion to strike Claimant's brief, which was taken with the consolidated appeal.

The decisions of the Commission are affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.