

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| EVANGELINE CULP, | ) | No. ED101563 |
| | ) | |
| Claimant/Appellant, | ) | |
| | ) | |
| vs. | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| TARGET CORPORATION and DIVISION | ) | |
| OF EMPLOYMENT SECURITY, | ) | |
| | ) | Filed: August 26, 2014 |
| Respondents. | ) | |

Claimant, Evangeline Culp, has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision concerning her claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was disqualified from receiving unemployment benefits. Claimant appealed to both the Appeals Tribunal of the Division and then to the Commission, which both affirmed the disqualification. The Commission mailed its decision to Claimant on May 6, 2014. Claimant filed a notice of appeal to this Court.

The Division has filed a motion to dismiss Claimant's appeal. Claimant has not filed a response to the motion. The Division contends that Claimant's notice of appeal to this court was not filed within the time limits set forth in chapter 288, RSMo. Section 288.210, RSMo 2000, provides that: "Within twenty days after a decision of the commission has become final, the

director or any party aggrieved by such decision may appeal the decision to the appellate court . . . ." The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Secretary to the Commission certified she mailed its decision to Claimant on May 6, 2014. Therefore, Claimant's notice of appeal to this Court was due on or before June 5, 2014. Sections 288.200.2, 288.210. Claimant mailed her notice of appeal to the Commission, which received it on June 11, 2011.

Section 288.240, RSMo 2000, provides that when a notice of appeal is mailed to the Commission, it is "deemed to be filed as of the date endorsed by the United States post office on the envelope. . . ." Here, Claimant did mail her notice of appeal, but the post office did not place a postmark on the envelope. As a result, Claimant's notice of appeal is considered filed when it was received on June 11, 2014, which is untimely.

The unemployment statutes fail to provide a procedure for filing a late notice of appeal. Ross v. Division of Employment Sec., 332 S.W.3d 922 (Mo. App. E.D. 2011). While there are procedures for filing a late notice of appeal in other civil matters, such procedures do not apply to special statutory proceedings, such as unemployment matters under Chapter 288. Heffner v. Division of Employment Sec., 345 S.W.3d 393, 394 (Mo. App. E.D. 2011). Therefore, this court's only option is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

_____
ANGELA T. QUIGLESS, CHIEF JUDGE

LISA VAN AMBURG, J. and
PHILIP M. HESS, J.,

2