

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| LEX GROUP, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD83867 |
| | ) | |
| CAROL CLIFT AND DIVISION OF | ) | Opinion filed:  January 26, 2021 |
| EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondents. | ) | |

**APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION**

Division Two:  W. Douglas Thomson, Presiding Judge,
Lisa White Hardwick, Judge and Edward R. Ardini, Jr., Judge

Lex Group, Inc. ("Employer") appeals the decision of the Labor and Industrial Relations Commission ("Commission") finding Carol Clift ("Claimant") eligible to receive unemployment benefits. However, due to Employer's failure to timely commence this appeal, we dismiss.

**Factual and Procedural Background**

Claimant worked for Employer, a property management company, as a housekeeper from October 2019 until she was terminated on February 12, 2020, for violating Employer's written attendance policy due to having six absences over her final two months of employment. Following her discharge, Claimant applied for unemployment benefits against which Employer filed a protest.

A deputy with the Division of Employment Security ("Division") denied Claimant's application, concluding that her discharge was due to misconduct connected with her work, finding that "[n]ot all the claimant's absences were unavoidable." The Division's Appeals Tribunal upheld the deputy's decision relying on Employer's written policy that absences that "exceeded a reasonable [limit] . . . will result in disciplinary action up to and including termination." The Commission reversed, finding that Employer had only established that Claimant had missed three-and-a-half days of work, that these absences were prompted by bad weather, and that the "vagueness of [Employer's] policy, without further warning or clarification, would not reasonably put [Claimant] on notice that she was in danger of discipline after three and a half absences for weather-related conditions." Employer appeals.

## Timeliness

Before addressing the merits of any appeal, we have a duty to determine, *sua sponte*, whether we have authority to hear the appeal. *Randolph v. City of Kansas City*, 599 S.W.3d 517, 519 (Mo. App. W.D. 2020). "In employment security cases, an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal." *Bass v. Yong Min Kim*, 101 S.W.3d 333, 334 (Mo. App. E.D. 2003) (citation omitted). Pursuant to section 288.210, RSMo,[1] Employer's notice of appeal was due within twenty days after the decision of the Commission became final. A decision of the Commission becomes final "ten days after the date of notification or mailing thereof to the parties." § 288.200.2, RSMo.

In the present case, Employer's notice of appeal was received by the Commission on June 18, 2020, ten days after its due date of June 8, 2020.[2] At this Court's request, Employer filed

---

[1] Statutory references are to the Missouri Revised Statutes (2016).

[2] The Commission certified that its decision was mailed on May 7, 2020. Ten days from that date was May 17. Twenty days from the date the Commission's decision became final was June 7. June 7 fell on a Sunday; therefore, the notice

2

suggestions addressing the timeliness of its notice of appeal. The suggestions were accompanied by exhibits that included an affidavit from counsel.

According to counsel's affidavit, a notice of appeal together with other related material was mailed to the Commission on June 3, 2020, but was returned by the post office on June 12, 2020, with a sticker stating, in part, "No Mail Receptacle – Unable to Forward."[3] Counsel additionally avers that he contacted the Commission on June 12, 2020, was instructed to resubmit the material and complied with this directive the same day by again mailing the material to the Commission. The resubmitted notice of appeal was received by the Commission on June 18, 2020.

As previously explained, Employer's notice of appeal was required to be filed with the Commission by June 8, 2020. Pursuant to section 288.240, a notice of appeal is deemed filed "when mailed to and received by . . . the commission[ ] . . . as of the date endorsed by the United States Post office on the envelope[.]" It is undisputed that the only notice of appeal "received by" the Commission was mailed on June 12, 2020 – four days after the applicable deadline – and thus was untimely.

Employer nevertheless asks us to consider its notice of appeal as having been timely filed as of June 3, 2020, arguing that "it is the policy of this State that cases should be decided on the merits whenever possible and court rules should be liberally construed to allow appeals to proceed[.]" In support of this argument, Employer directs us to cases implicating Rule 81.07(a)[4]

---

of appeal was due on or before June 8, 2020. *See* § 288.240 ("In instances where the last day for the filing of any such paper falls on a Saturday, Sunday, or legal holiday, the filing shall be deemed timely if accomplished on the next day which is neither a Saturday, Sunday, nor a legal holiday.").

[3] Neither counsel's affidavit nor Employer's briefing to this Court acknowledges or in any manner addresses that the returned envelope also contained a "Returned to Sender - Refused Postage Due" stamp.

[4] Rule references are to the Missouri Supreme Court Rules (2019). We additionally note that Employer requested this Court issue a "special order" under Rule 81.07(a). That request was denied because, as explained in this opinion, Rule 81.07(a) is not applicable to employment security appeals.

which permits an appellate court to issue a "special order" allowing for the late filing of a notice of appeal where the delay "was not due to appellant's culpable negligence."[5] *See Berger v. Cameron Mut. Ins. Co.*, 173 S.W.3d 639, 641 (Mo. banc 2005); *Adkins v. Hontz*, 280 S.W.3d 672, 675 (Mo. App. W.D. 2009).[6] The cited authority is of no aid to Employer's situation as it is well-settled that strict adherence to the relevant statutory time standards contained in chapter 288, RSMo, is mandatory and relief under Rule 81.07(a) is not available in appeals from unemployment matters. *See Bass*, 101 S.W.3d at 334-35 (citation omitted) ("Although the claimant may have had a good reason for his late notice of appeal, neither section 288.200 nor section 288.210 provides a mechanism for seeking a special order to file a late notice of appeal."); *Culp v. Target Corp.*, 439 S.W.3d 824, 825 (Mo. App. E.D. 2014) (citation omitted) ("While there are procedures for filing a late notice of appeal in other civil matters, such procedures do not apply to special statutory proceedings, such as unemployment matters under Chapter 288."); *Heffner v. Div. of Emp't Sec.*, 345 S.W.3d 393, 393 (Mo. App. E.D. 2011) (citation omitted) ("In employment matters governed by chapter 288, RSMo, the procedures outlined for appeal by statute are mandatory.")).

---

[5] Employer appears to assign blame to the Commission for the failed delivery of the June 3rd mailing by exclusively focusing on the sticker placed on the envelope by the post office stating, "No Mail Receptacle – Unable to Forward." Even if Rule 81.07(a) was applicable to an employment security appeal, which it is not, Employer's recitation of the facts is not complete on the issue of fault. Employer ignores that the June 3rd envelope also bears a "Returned to Sender - Refused Postage Due" stamp which seemingly undercuts any effort to direct culpability to the Commission for the failed delivery.

[6] Employer also cites to *Wilkerson v. Prelutsky*, 943 S.W.2d 643 (Mo. banc 1997). While *Wilkerson* includes the oft-cited sentiment that appellate courts prefer to resolve cases on the merits, it's broader relevance to the circumstances of this case is not clear as it did not involve an untimely filed notice of appeal but instead addressed a separate issue pertaining to briefing deficiencies.

Employer's notice of appeal was untimely and, regardless of the precipitating circumstances, we lack jurisdiction to consider this appeal.

**Conclusion**

Lex Group's appeal is dismissed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.