Belinda HOOKER, Claimant/Appellant,

v.

CITY OF UNIVERSITY CITY, and Division of Employment Security, Respondents.

No. ED 81824.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 26, 2002.

Belinda Hooker, St. Louis, pro se.

Larry R. Ruhman, St. Louis, for respondents.

City of University City, St. Louis, pro se.

LAWRENCE E. MOONEY, Chief Judge.

The claimant appealed the decision of the Labor and Industrial Relations Commission, which affirmed the Appeals Tribunal's finding that she was disqualified from unemployment benefits. Because we find the claimant's appeal is untimely, we dismiss her appeal.

The claimant sought unemployment benefits after she quit her job with her employer. A deputy determined that she was disqualified from benefits because she had voluntarily quit her job without good cause attributable to her work. The claimant appealed to the Appeals Tribunal, which agreed with the deputy. She further appealed to the Commission, which affirmed the Appeals Tribunal. The Commission mailed her a copy of its decision on August 8, 2002. The claimant filed a notice of appeal to this Court on September 20, 2002.

We have a duty to *sua sponte* determine whether we have jurisdiction and if we lack jurisdiction to entertain the instant appeal it should be dismissed. *City of Brentwood v. Barron Holdings Intern., Ltd., L.L.C.,* 66 S.W.3d 139, 142 (Mo.App. E.D.2001). The right of appeal is purely statutory and where statutes do not give such a right, no appeal exists. *Labrier v. Anheuser Ford, Inc.,* 621 S.W.2d 51, 53 (Mo. banc 1981). Under section 288.210, RSMo 2000, the notice of appeal was due within twenty days after the decision of the Commission became final. The decision of the Commission became final ten days after the date of mailing of the decision to the parties. Section 288.200.2, RSMo 2000.

Here, the Secretary of the Commission mailed its decision to the claimant on August 8, 2002 and it became final ten days later on August 18, 2002. Section 288.200.2. The claimant's notice of appeal was due twenty days thereafter on Monday, September 9, 2002. Sections 288.210 & 288.240, RSMo 2000. The claimant's notice of appeal filed on September 20, 2002 is untimely.

The procedures outlined for appeal by statute in unemployment security cases are mandatory. *Burch Food Services, Inc. v. Missouri Div. of Employment Sec.,* 945

S.W.2d 478, 481 (Mo.App. W.D.1997). Moreover, there is no mechanism under section 288.200 or 288.210 to seek a special order to file a late notice of appeal. *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). The appeal is dismissed for lack of a timely notice of appeal.

    LAWRENCE G. CRAHAN, J. and ROBERT G. DOWD, JR., J., concur.