Don L. THORNTON,
Claimant/Appellant,

v.

ARAMARK MANAGEMENT SER-
VICES, and Division of Employ-
ment Security, Respondents.

No. ED 92787.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 12, 2009.

Don Thornton, St. Louis, MO, pro se.

Michael Pritchett, Division of Employ-
ment Security, Jefferson City, MO, Ara-
mark Management Services, c/o Talx UC
Express, St. Louis, MO, for respondents.

NANNETTE A. BAKER, Chief Judge.

Don Thornton (Claimant) appeals the
Labor and Industrial Relations Commis-
sion's (Commission) decision concerning
his application for unemployment benefits.
We dismiss the appeal.

The Division of Employment Security
(Division) concluded that Claimant was in-
eligible for unemployment benefits, be-
cause he had left work voluntarily without
good cause attributable to his work or his
employer. Claimant appealed to the Ap-
peals Tribunal, which dismissed Claimant's
appeal. He then appealed to the Commis-
sion, which affirmed the Appeals Tribu-
nal's decision. Claimant has now filed a
notice of appeal to this Court.

The Division has filed a motion to dis-
miss Claimant's appeal, asserting it is un-
timely. Claimant has not filed a response
to the motion.

"The right of appeal is purely statuto-
ry[,] and where statutes do not give such a
right, no appeal exists." *Hooker v. City of
University City,* 91 S.W.3d 675, 675 (Mo.
App. E.D.2002). Section 288.210, RSMo
2000, provides that the notice of appeal to
this Court from the Commission's decision
must be filed within twenty days of the
decision becoming final. The Commis-
sion's decision becomes final ten days after
it is mailed to the parties. Section
288.200.2, RSMo 2000. Here, the Commis-
sion mailed its decision to Claimant on
February 11, 2009. Therefore, the notice
of appeal to this Court was due on or
before March 13, 2009. Sections 288.200.2,
288.210. Claimant mailed his notice of
appeal to the Commission in an envelope
postmarked March 19, 2009. Pursuant to
section 288.240, RSMo 2000, the notice of
appeal is deemed filed the date of the
postmark. *Alfred v. Delmar Gardens of
Creve Coeur,* 257 S.W.3d 185, 185 (Mo.App.
E.D.2008). Therefore, the notice of appeal
is untimely under section 288.210.

Chapter 288 governing unemployment
cases fails to provide for the filing of a late
notice of appeal. *McCuin Phillips v.
Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App.
E.D.2000). "An untimely notice of appeal
in an unemployment case deprives this
Court of jurisdiction to entertain the ap-
peal." *Dorcis v. Div. of Empl. Sec.,* 168
S.W.3d 728, 729 (Mo.App. E.D.2005).

The Division's motion to dismiss is
granted. The appeal is dismissed for lack
of jurisdiction.

PATRICIA L. COHEN and
KENNETH M. ROMINES, JJ., concur.