**Steven HOLLAND, Claimant/Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

No. ED 92786.

Missouri Court of Appeals, Eastern District, Division Five.

May 19, 2009.

unemployment benefits.

Steven Holland, Gerard, MO, pro se.

Michael Pritchett, Division of Employment Security, Jefferson City, MO, for respondents.

NANNETTE A. BAKER, Chief Judge.

Steven Holland (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision concerning his application for unemployment benefits. We dismiss the appeal.

The Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits. Claimant appealed to the Appeals Tribunal, which dismissed Claimant's appeal. He then appealed to the Commission, which affirmed the Appeals Tribunal's decision. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

"The right of appeal is purely statutory[,] and where statutes do not give such a right, no appeal exists." *Hooker v. City of University City,* 91 S.W.3d 675, 675 (Mo.App. E.D.2002). Section 288.210, RSMo 2000, provides that the notice of appeal to this Court from the Commission's decision must be filed within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on February 11, 2009. Therefore, the notice of appeal to this Court was due on or before March 13, 2009. Sections 288.200.2, 288.210. Claimant mailed his notice of appeal to the Commission in an envelope postmarked March 23, 2009. Pursuant to section 288.240, RSMo 2000, the notice of appeal is deemed filed the date of the postmark. *Alfred v. Delmar Gardens of Creve Coeur,* 257 S.W.3d 185, 185 (Mo.App. E.D.2008). Therefore, the notice of appeal is untimely under section 288.210.

Chapter 288 governing unemployment cases fails to provide for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App. E.D.2000). "An untimely notice of appeal in an unemployment case deprives this Court of jurisdiction to entertain the appeal." *Dorcis v. Div. of Empl. Sec.,* 168 S.W.3d 728, 729 (Mo.App. E.D. 2005).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

PATRICIA L. COHEN, J. and KENNETH M. ROMINES, J., concur.