George ABRAHAM, Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 93706.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 24, 2009.

George Abraham, Ellisville, MO, pro se.

Michael Pritchett, Div. of Employment Security, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, Chief Judge.

George Abraham (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision concerning his application for unemployment benefits. We dismiss the appeal.

A deputy for the Division of Employment Security (Division) made an initial determination denying Claimant's claim for unemployment benefits for the week ending March 28, 2009 because the week was not timely claimed. The Appeals Tribunal later dismissed Claimant's appeal. The Commission affirmed this decision by an order mailed to Claimant on July 9, 2009. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting the notice of appeal is untimely. Claimant has not filed a response to the motion.

■ The right of an appeal is purely statutory. *Hooker v. City of University City*, 91 S.W.3d 675, 675 (Mo.App. E.D. 2002). The statute governing unemployment appeals requires that a notice of appeal to this Court from the Commission's decision be filed within twenty days after the decision becomes final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after the date of mailing of the decision to the parties. Section 288.200.2, RSMo 2000.

■ Here, the Commission certified that it mailed its decision to Claimant on July 9, 2009. Therefore, the notice of appeal to this Court was due on or before Monday, August 10, 2009. Sections 288.200.2, 288.210; 288.240, RSMo 2000.

The records of the Commission show that Claimant mailed a letter to the Commission inquiring about his claim. The letter was dated August 8, 2009, but was sent in a envelope postmarked September 9, 2009. In the letter, Claimant did not request an appeal. He subsequently mailed a notice of appeal to the Commission on September 30, 2009. Even if the initial letter mailed by Claimant is treated as a notice of appeal, it was sent in an envelope postmarked September 9, 2009. Under section 288.240, the postmark on the envelope is deemed the date of the filing of the notice of appeal. Claimant's notice of appeal is untimely.

■ Chapter 288 governing unemployment cases makes no provision for the filing of a late notice of appeal. *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Consequently, if the notice of appeal is untimely, this Court is deprived of jurisdiction to entertain the appeal and we can only dismiss it. *Alfred v. Delmar Gardens of Creve Coeur Operating, LLC*, 257 S.W.3d 185, 186 (Mo.App. E.D.2008).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER, J. and ROY L. RICHTER, J., concur.