Calvin ROSS, Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. ED 95994.

Missouri Court of Appeals,
Eastern District,
Division One.

March 1, 2011.

Calvin Ross, St. Louis, MO, Pro Se.

Michael Pritchett, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Calvin Ross ("Claimant") has filed a notice of appeal from the Labor and Industrial Relations Commission's ("Commission") decision regarding unemployment benefits. We dismiss the appeal.

The Division of Employment Security ("Division") issued an order of assessment of overpaid benefits, concluding that Claimant was paid $1,352 in unemployment benefits during a period of ineligibility. Claimant filed an appeal to the Appeals Tribunal of the Division, who affirmed the order. Claimant then sought review with the Commission, which also affirmed the order. Claimant filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

A notice of appeal to this Court in an unemployment matter is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on October 8, 2010, which makes his notice of appeal to this Court due on or before Monday, November 8, 2010. Sections 288.200.2, 288.210. Under section 288.240, RSMo 2000, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." The postmark on Claimant's envelope was December 8, 2010. As a result, Claimant's notice of appeal is untimely.

The procedures outlined for appeal by statute are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D. 1997). The unemployment statutes set forth stringent guidelines for the filing of the notice of appeal and make no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.*, 155 S.W.3d 809, 810 (Mo. App. E.D.2005). The provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as unemployment claims. *See, Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App.1972). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

KURT S. ODENWALD and GARY M. GAERTNER, JR., JJ., concur.