**Mary HEFFNER, Claimant/Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. ED 96690.**

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 16, 2011.

Mary Heffner, Overland, MO, Appellant Acting pro se.

Michael E.C. Pritchett, Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for Respondent Division of Employment Security.

KURT S. ODENWALD, Chief Judge.

Mary Heffner (Claimant) has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision regarding her claim for benefits under the Trade Act of 1974, as amended. We dismiss the appeal.

In 2010, Claimant filed a claim seeking a determination of her eligibility for trade readjustment allowance or trade adjustment assistance (TRA/TAA) under the Trade Act of 1974, as amended, which provides certain benefits to workers who have been adversely affected by foreign trade. A deputy of the Division of Employment Security (Division) concluded Claimant was not entitled to the assistance because her separation date occurred more than one year before the petition for eligibility to apply was filed. Claimant appealed to the Appeals Tribunal of the Division, which affirmed the deputy's determination. Claimant filed an application for review with the Commission. On March 18, 2011, the Commission affirmed the Appeals Tribunal's decision. Claimant has now filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

In employment matters governed by chapter 288, RSMo, the procedures outlined for appeal by statute are mandatory.

---

*Burch Food Services, Inc. v. Division of Employment Security,* 945 S.W.2d 478, 481 (Mo.App.W.D.1997). Section 288.210, RSMo 2000, provides that a notice of appeal to this Court in such a matter is due within twenty days of the Commission's decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on March 18, 2011. Therefore, Claimant's notice of appeal to this Court was due on or before Monday, April 18, 2011. Sections 288.200.2, 288.210; section 288.240, RSMo 2000. Claimant mailed her notice of appeal to the Commission. Under section 288.240, any notice of appeal is deemed filed "as of the date endorsed by the United States post office on the envelope...." The postmark on Claimant's envelope was April 22, 2011, which is untimely under section 288.210.

Chapter 288 sets forth stringent guidelines for the filing of the notice of appeal and makes no provision for filing a late notice of appeal. *Martinez v. Lea–Ed, Inc.,* 155 S.W.3d 809, 810 (Mo.App. E.D. 2005). The provisions for a special order for late notice of appeal as set forth in Supreme Court Rule 81.07 do not apply to special statutory proceedings, such as those under Chapter 288. *See, Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311, 314–15 (Mo.App.1972). Because Claimant's notice of appeal was untimely under Chapter 288, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

ROBERT G. DOWD, JR., J., and GARY M. GAERTNER, JR., J., Concur.