**Tom WICKIS, Claimant/Appellant,**

v.

**FBCMO, LLC d/b/a Fitz's Beverage and Bottle, and Division of Employment Security, Respondents.**

No. ED 97139.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 25, 2011.

Tom Wickis, Florissant, MO, Appellant Acting pro se.

FBCMO, LLC dba Fitz's Beverage and Bottle, St. Louis, MO, Respondent Acting pro se.

Michael E.C. Pritchett, Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for Respondent Division of Employment Security.

KURT S. ODENWALD, Chief Judge.

*Introduction*

Claimant, Tom Wickis, has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision concerning his claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits. A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for benefits because he had been discharged due to misconduct connected with his work. Claimant filed an appeal to the Appeals Tribunal, which affirmed the finding of misconduct. Claimant then sought review by the Commission. It mailed its decision affirming the Appeals Tribunal on June 29, 2011. Claimant filed a notice of appeal to this Court on August 1, 2011. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

Because procedures governing unemployment benefits are solely based on statute, those procedures are mandatory. *Burch Food Services, Inc. v. Division of Employment Security*, 945 S.W.2d 478, 481 (Mo.App. W.D.1997). Under Chapter 288, governing unemployment matters, a

notice of appeal to this Court is due within twenty days of the Commission's decision becoming final. Section 288.210, RSMo 2000. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Commission mailed its decision to Claimant on June 29, 2011. Therefore, Claimant's notice of appeal to this Court was due on or before July 29, 2011. Sections 288.200.2, 288.210. Claimant mailed his notice of appeal to the Commission and the envelope in which it was contained was postmarked August 1, 2011. Therefore, under section 288.240, RSMo 2000, the notice of appeal is considered filed on August 1, 2011, instead of the day it was received. Even so, Claimant's notice of appeal is untimely under section 288.210.

In other civil matters, Supreme Court Rule 81.07 provides guidelines for obtaining leave to file a late notice of appeal. However, this provision does not apply to special statutory proceedings, such as unemployment matters under Chapter 288. *Holmes v. Navajo Freight Lines, Inc.*, 488 S.W.2d 311, 314–15 (Mo.App.1972); *See also, Porter v. Emerson Elec. Co.*, 895 S.W.2d 155, 158–59 (Mo.App. S.D.1995). Since the unemployment statutes make no provision for filing a late notice of appeal, there is none. *Ross v. Division of Employment Sec.*, 332 S.W.3d 922 (Mo.App. E.D.2011). Therefore, our only recourse is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

ROBERT G. DOWD, JR. and GARY M. GAERTNER, JR., JJ., concur.