Antoine PAYNE, Claimant/Appellant,

v.

ST. LOUIS CONVENTION & VISITORS COMMISSION and Division of Employment Security, Respondents.

No. ED 97766.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 6, 2012.

Antoine Payne, St. Louis, MO, Appellant Acting pro se.

St. Louis Convention & Visitors Commission, St. Louis, MO, Respondent Acting pro se.

Michael E.C. Pritchett, Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for Respondent Division Of Employment Security.

KURT S. ODENWALD, Chief Judge.

Claimant, Antoine Payne, has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision concerning his claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was disqualified from receiving unemployment benefits. Claimant appealed to the Appeals Tribunal of the Division, which reversed this determination. Claimant's employer, St. Louis Convention & Visitors Commission, appealed to the Commission, which reversed the Appeals Tribunal's decision and reinstated the disqualification. The Commission mailed its decision to Claimant on October 28, 2011. Claimant filed a notice of appeal to this Court on November 29, 2011.

The Division has filed a motion to dismiss Claimant's appeal. Claimant has not filed a response to the motion. The Division contends that Claimant's notice of appeal to this court was not filed within the time limits set forth in chapter 288, RSMo. Section 288.210, RSMo 2000, provides that: "Within twenty days after a decision of the commission has become final, the director or any party aggrieved by such decision may appeal the decision to the appellate court...." The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Secretary to the Commission certified she mailed its decision to Claimant on October 28, 2011. Under the unemployment statutes, Claimant's notice of appeal to this Court was due on or before Monday, November 28, 2011. Sections 288.200.2, 288.210; 288.240, RSMo 2000. Claimant faxed his notice of appeal to the Commission on November 29, 2011, which is one day out of time.

The unemployment statutes fail to provide a procedure for filing a late notice of appeal. *Ross v. Division of Employment Sec.,* 332 S.W.3d 922 (Mo.App. E.D.2011). While there are procedures for filing a late notice of appeal in other civil matters, such procedures do not apply to special statutory proceedings, such as unemployment matters under Chapter 288. *Heffner v. Division of Employment Sec.,* 345 S.W.3d 393, 394 (Mo.App. E.D.2011). Although this court may sympathize with Claimant's plight, this court's only option is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

ROBERT G. DOWD, JR., and GARY M. GAERTNER, JR., JJ., Concur.