George **CROCKETT,**
**Claimant/Appellant,**

v.

**MISSOURI SPORTSERVICE, LLC,**
**and Division of Employment**
**Security, Respondents.**

**No. ED 97762.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 6, 2012.

George Crockett, Park Hills, MO, Appellant Acting Pro Se.

Missouri Sportservice, LLC, St. Louis, MO, Respondent Acting pro se.

Michael E.C. Pritchett, Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for Respondent Division of Employment Security.

KURT S. ODENWALD, Chief Judge.

Claimant, George Crockett, has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision concerning his claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits from September 12, 2010 until January 1, 2011, because he was not available for work during that time period. Subsequently, the Division also provided Claimant a notice of overpaid benefits for the same time period. Claimant filed an appeal to the Appeals Tribunal of the Division, which affirmed the deputy's decision. Claimant filed an application for review with the Commission. The Commission affirmed the Appeals Tribunal's decision. The Commission mailed its decision to Claimant on October 24, 2011. Claimant filed a notice of appeal to this Court on December 5, 2011.

The Division has filed a motion to dismiss Claimant's appeal. Claimant has not filed a response to the motion. The Division contends that Claimant's notice of appeal to this court is untimely, because it was not filed within the time limits set forth in chapter 288, RSMo. Section 288.210, RSMo 2000, provides that: "Within twenty days after a decision of the commission has become final, the director or any party aggrieved by such decision may appeal the decision to the appellate court. . . ." The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Secretary to the Commission certified she mailed its decision to Claimant on October 24, 2011. Therefore, Claimant's notice of appeal to this Court was due on or before November 23, 2011. Sections 288.200.2, 288.210. Claimant mailed his notice of appeal to the Commission and the envelope in which it was contained was postmarked December 5, 2011. Under section 288.240, RSMo 2000, the notice of appeal is considered filed on December 5, 2011 and is untimely.

The unemployment statutes fail to provide a procedure for filing a late notice of appeal. *Ross v. Division of Employment Sec.*, 332 S.W.3d 922 (Mo.App. E.D.2011). While there are procedures for filing a late notice of appeal in other civil matters, such procedures do not apply to special statutory proceedings, such as unemployment matters under Chapter 288. *Heffner v. Division of Employment Sec.*, 345 S.W.3d 393, 394 (Mo.App. E.D.2011). Therefore, this court's only option is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

ROBERT G. DOWD, JR. and GARY M. GAERTNER, JR., JJ., Concur.