**Tania RUSH, Claimant/Appellant,**

v.

**CONVERGYS CUSTOMER MANAGEMENT GROUP, INC., and Division of Employment Security, Respondents.**

No. ED 97729.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 6, 2012.

Tania Rush, St. Louis, MO, pro se.

Convergys Customer Management Group, Inc., St. Louis, MO, pro se.

Michael E.C. Pritchett, Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for Respondent Division of Employment Security.

KURT S. ODENWALD, Chief Judge.

Claimant, Tania Rush, has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision concerning her claim for unemployment benefits. We dismiss the appeal.

Claimant filed a claim for unemployment benefits and a deputy of the Division of Employment Security (Division) concluded that Claimant was eligible for benefits. Her employer, Convergys Customer Management Group, Inc., then filed an appeal to the Appeals Tribunal of the Division. The Appeals Tribunal reversed the deputy's finding, concluding Claimant was disqualified from receiving unemployment benefits, because her employer discharged her for misconduct connected with work. Claimant sought review in the Commission. The Commission affirmed the Appeals Tribunal's decision. The Commission mailed its decision to Claimant on October 21, 2011. Claimant filed a notice of appeal to this Court on November 30, 2011.

The Division has filed a motion to dismiss Claimant's appeal. Claimant has not filed a response to the motion. The Division contends that Claimant's notice of appeal to this court is untimely, because it was not filed within the time limits set forth in chapter 288, RSMo. Section 288.210, RSMo 2000, provides that: "Within twenty days after a decision of the commission has become final, the director or any party aggrieved by such decision may appeal the decision to the appellate court. . . ." The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Secretary to the Commission certified she mailed its decision to Claimant on October 21, 2011. Therefore, Claimant's notice of appeal to this Court was due on or before Monday, November 22, 2011. Sections 288.200.2, 288.210, 288.240, RSMo 2000. Claimant mailed her notice of appeal to the Commission and the envelope in which it was contained was postmarked November 30, 2011. Therefore, under section 288.240, the notice of appeal is considered filed on November 30, 2011. Claimant's notice of appeal is untimely.

The unemployment statutes fail to provide a procedure for filing a late notice of appeal. *Ross v. Division of Employment Sec.,* 332 S.W.3d 922 (Mo.App. E.D.2011). While there are procedures for filing a late notice of appeal in other civil matters, such procedures do not apply to special statutory proceedings, such as unemployment matters under Chapter 288. *Heffner v. Division of Employment Sec.,* 345 S.W.3d 393, 394 (Mo.App. E.D.2011). Therefore, this court's only option is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

ROBERT G. DOWD, JR., and GARY M. GAERTNER, JR., JJ., Concur.