

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| GARY WARFIELD, | ) | No. ED102004 |
| | ) | |
| Claimant/Appellant, | ) | |
| | ) | |
| vs. | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| EXEL, INC. and DIVISION | ) | |
| OF EMPLOYMENT SECURITY, | ) | |
| | ) | Filed: December 16, 2014 |
| Respondents. | ) | |

Claimant, Gary Warfield, has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision concerning his claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was disqualified from receiving unemployment benefits. Claimant appealed to both the Appeals Tribunal of the Division and then to the Commission, which both affirmed the disqualification. The Commission mailed its decision to Claimant on July 30, 2014. Claimant filed a notice of appeal to this Court.

The Division has filed a motion to dismiss Claimant's appeal. Claimant has not filed a response to the motion. The Division contends that Claimant's notice of appeal to this court was not filed within the time limits set forth in section 288.210, RSMo 2000, which provides:

"Within twenty days after a decision of the commission has become final, the director or any party aggrieved by such decision may appeal the decision to the appellate court . . . ." The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000.

Here, the Secretary to the Commission certified she mailed its decision to Claimant on July 30, 2014. Under Chapter 288, Claimant's notice of appeal to this Court was due on or before August 29, 2014. Sections 288.200.2, 288.210. Claimant mailed his notice of appeal to the Commission, and the date endorsed on the envelope by the United States post office is September 10, 2014. Under section 288.240, RSMo 2000, when a notice of appeal is mailed to the Commission, it is "deemed to be filed as of the date endorsed by the United States post office on the envelope. . . ." Here, the notice of appeal is deemed filed on September 10, 2014. However, the notice of appeal is still untimely.

The unemployment statutes fail to provide a procedure for filing a late notice of appeal. Ross v. Division of Employment Sec., 332 S.W.3d 922 (Mo. App. E.D. 2011). While there are procedures for filing a late notice of appeal in other civil matters, such procedures do not apply to special statutory proceedings, such as unemployment matters under Chapter 288. Heffner v. Division of Employment Sec., 345 S.W.3d 393, 394 (Mo. App. E.D. 2011). Therefore, this court's only option is to dismiss Claimant's appeal.

The Division's motion to dismiss is granted. The appeal is dismissed.

_____
ANGELA T. QUIGLESS, CHIEF JUDGE

LISA VAN AMBURG, J. and
PHILIP M. HESS, J., Concurs.

2