

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| HUILING CHEN, | ) | No. ED102630 |
| | ) | |
| Claimant/Appellant, | ) | |
| | ) | |
| vs. | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | Opinion Filed: April 21, 2015 |
| Respondent. | ) | |

Claimant, Huiling Chen, has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision concerning a claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible from receiving unemployment benefits. Claimant appealed to the Appeals Tribunal of the Division, which dismissed the appeal. Claimant then filed an application for review with the Commission seeking review of the decision. The Commission affirmed the order of the Appeals Tribunal. The Commission mailed its decision to Claimant on October 24, 2014. Claimant filed a notice of appeal to this Court.

The Commission has filed a motion to dismiss Claimant's appeal, contending that it is untimely. Claimant has not filed a response.

The notice of appeal to this court was not filed within the time limits set forth in section 288.210, RSMo 2000, which provides: "Within twenty days after a decision of the commission has become final, the director or any party aggrieved by such decision may appeal the decision to the appellate court . . . ." The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Secretary to the Commission certified she mailed its decision to Claimant on October 24, 2014. Under Chapter 288, Claimant's notice of appeal to this Court was due on or before Monday, November 24, 2014. Sections 288.200.2, 288.210; Section 288.240, RSMo 2000. Claimant faxed the notice of appeal to the Commission on February 11, 2015, which is untimely. The record contains some other documents Claimant sent to the Commission on December 17, 2014. Even if these documents can be construed as a notice of appeal, they are untimely as well.

The unemployment statutes fail to provide a procedure for filing a late notice of appeal. Ross v. Division of Employment Sec., 332 S.W.3d 922 (Mo. App. E.D. 2011). While there are procedures for filing a late notice of appeal in other civil matters, such procedures do not apply to special statutory proceedings, such as unemployment matters under Chapter 288. Heffner v. Division of Employment Sec., 345 S.W.3d 393, 394 (Mo. App. E.D. 2011). Therefore, this court's only option is to dismiss Claimant's appeal. The appeal is dismissed.

_____
ANGELA T. QUIGLESS, CHIEF JUDGE

LISA VAN AMBURG, J. and
PHILIP M. HESS, J., Concurs.

2