

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| DEBORAH BODE, | ) | No. ED102648 |
| | ) | |
| Claimant/Appellant, | ) | |
| | ) | |
| vs. | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| PROFESSIONAL REHABILITATION | ) | |
| SERVICES and DIVISION OF | ) | |
| EMPLOYMENT SECURITY, | ) | |
| | ) | Opinion Filed: April 21, 2015 |
| Respondents. | ) | |

Claimant, Deborah Bode, has filed a notice of appeal from the Labor and Industrial Relations Commission's (Commission) decision concerning her claim for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was disqualified from receiving unemployment benefits. Claimant appealed to the Appeals Tribunal of the Division, which dismissed her appeal. The Division then made a determination that Claimant had been overpaid benefits. She appealed that determination to the Appeals Tribunal, which affirmed the Division's decision. Claimant then filed an application for review with the Commission seeking review of both decisions. The Commission affirmed the orders of the Appeals Tribunal. The Commission mailed its decision to Claimant on January 14, 2015. Claimant filed a notice of appeal to this Court.

The Commission has filed a motion to dismiss Claimant's appeal, contending that it is untimely. Claimant has not filed a response.

The notice of appeal to this court was not filed within the time limits set forth in section 288.210, RSMo 2000, which provides: "Within twenty days after a decision of the commission has become final, the director or any party aggrieved by such decision may appeal the decision to the appellate court . . . ." The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Secretary to the Commission certified she mailed its decision to Claimant on January 14, 2015. Under Chapter 288, Claimant's notice of appeal to this Court was due on or before February 13, 2015. Sections 288.200.2, 288.210. Claimant mailed the notice of appeal to the Commission on February 19, 2015. Thus, the notice of appeal is untimely.

The unemployment statutes fail to provide a procedure for filing a late notice of appeal. Ross v. Division of Employment Sec., 332 S.W.3d 922 (Mo. App. E.D. 2011). While there are procedures for filing a late notice of appeal in other civil matters, such procedures do not apply to special statutory proceedings, such as unemployment matters under Chapter 288. Heffner v. Division of Employment Sec., 345 S.W.3d 393, 394 (Mo. App. E.D. 2011). Therefore, this court's only option is to dismiss Claimant's appeal. The appeal is dismissed.

_____
ANGELA T. QUIGLESS, CHIEF JUDGE

LISA VAN AMBURG, J. and
PHILIP M. HESS, J., Concurs.