ACCEPTED
09-17-00254-CV
NINTH COURT OF APPEALS
BEAUMONT, TEXAS
12/13/2017 4:52 PM
CAROL ANNE HARLEY
CLERK

**Cause No. 09-17-00254-CV**

IN THE
NINTH COURT OF APPEALS
at Beaumont, Texas

FILED IN
9th COURT OF APPEALS
BEAUMONT, TEXAS

12/13/2017 4:52:15 PM

CAROL ANNE HARLEY
Clerk

_____

**SANDRA EMBESI, APPELLANT**
**V.**
**CHARLES RAY HALL, APPELLEE**

_____

On Appeal from the
279th Judicial District Court of Jefferson County, Texas
Cause No. F-204,290

_____

**APPELLANT'S BRIEF**

_____

**SMITH & SHIPLEY, L.L.P.**
**Jolei Shipley**
**Texas Bar No. 24041909**
**2750 IH-10 East, Suite 200**
**Beaumont, Texas 77703**
**Tel: (409) 899-1046**
**Fax: (409) 899-2648**

ATTORNEY FOR APPELLANT,
SANDRA EMBESI

**NO ORAL ARGUMENT REQUESTED.**

## IDENTITY OF PARTIES AND COUNSEL

**Appellant -**                              Sandra Embesi

**Attorney for Appellant -**            Jolei Shipley
                                                    SBN: 24041909
                                                    Smith § Shipley
                                                    2750 IH-10 East, Ste. 200
                                                    Beaumont, Texas 77703
                                                    Tel: (409) 899-1046
                                                    Fax: (409) 899-2648

**Appellee -**                               Charles Ray Hall

**Attorney for Appellee -**             Clint Lewis
                                                    SBN: 12275250
                                                    The Lewis Law Firm
                                                    8445 Gladys Ave.
                                                    Beaumont, Texas 77706
                                                    Tel: (409) 899-5600
                                                    Fax: (409) 899-5682

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................. ii

Table of Contents…………………………………………………………….iii

Index of Authorities ...................................................................................iv

Statement Regarding Oral Argument .......................................................v

Statement of the Case ................................................................................vi

Issues……………………………………………………………….....1

Statement of Facts………………………………………………………….1

Summary of the Argument…………………………………………………3

Arguments and Authorities …………………………………………..........3

    **Issue One: The trial court abused its discretion by denying former Wife's petition for post-divorce division of assets because wife proved that the property requested to be divided was not divided by the Final Decree of Divorce.**

    A. Standard of Review…………………………………………………4
    B. Pertinent Facts…………………………………………………......4
    C. Applicable Law…………………………………………………......6
    D. Argument………………………………………………………...8

Conclusion and Prayer for Relief.............................................................10

Certificate of Compliance .........................................................................11

Certificate of Service .................................................................................12

# INDEX OF AUTHORITIES

## Cases

*In Re Marriage of McDonald, 118 S.W.3d 829, 832 (Tex. App. – Texarkana 2003, pet. denied)*………………………………………………………………………..4

*Mann v. Mann, 607 S.W.2d 243, 245 (Tex. 1980)*……………………………………………4

*Bishop v. Bishop, 74 S.W.3d 877, 879 (Tex. App. – San Antonio 2002, no pet.)*……………………………………………………………………………………7

*Mayes v. Stewart, 11 S.W.3d 440, 448 (Tex. App. – Houston [14th Dist.] 2000, pet. denied)*………………………………………………………………………..7

*Stephens v. Marlowe, 20 .W.3d 250 (Tex. App. – Texarkana 2000)*…………………..7

*Allen v. Allen, 717 S.W.2d 311, 313 (Tex. 1986)*…………………………………………7

*Thompson v. Thompson, 500 S.W.2d 203 (Tex. App. – Dallas 1973)*……………..7,8

*Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983)*………………………………………7

*Hagen v. Hagen, 282 S.W.3d 889, 901-02 (Tex. 2009)*…………………………………7

*Stirling v. Stirling, 02-10-00329-CV (Tex. App. – Forth Worth 2011)*……………..9

## Statutes

Tex. Fam. Code §9.201……………………………………………………..…6

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that the issues presented are clear and can be resolved by this Court without hearing oral argument from either party.

# STATEMENT OF THE CASE

This is an appeal from a judgment denying a request for a division of undivided property. The divorce decree was silent as to the division of the former husband's pension plan. The trial court nevertheless denied former wife's request to divide the pension plan.

ISSUE

Issue One

The trial court abused its discretion by denying former Wife's petition for post-divorce division of assets because wife proved that the property requested to be divided was not divided by the Final Decree of Divorce.

## STATEMENT OF FACTS

Sandra Embesi (hereinafter "Sandra") and Charles Ray Hall (hereinafter "Charles") were married on November 20, 1974. In January 1982, Charles started working for Mobil Oil Corporation, now ExxonMobil. (RR 26) Charles eventually retired from ExxonMobil with pension and 401(k) benefits in February 2017. (RR 17-18) On November 4, 2008, Charles and Sandra were divorced. Charles was represented in that action by Karen Bennett. Sandra Embesi was unrepresented by counsel.

Sandra filed a bill of review on October 19, 2012 under Cause Number C216,691 in the 317th District Court of Jefferson County, Texas asserting that Charles' conduct prevented her from obtaining a greater share of the community estate. By agreement, Sandra's bill of review was granted. Sandra and Charles entered settlement negotiations. A sworn inventory of community assets and debts was never made by either party. (RR 27) No discovery was conducted. However, Sandra and Charles reached a settlement reflected in the Final Decree of Divorce

(hereinafter "2013 Decree") entered by the trial court on September 23, 2013. The 2013 decree was silent as to the award of the community property ExxonMobil Pension Plan. The specific language of the decree awarded Charles the following:

> H-5. A portion of Charles Ray Hall's retirement benefits in ExxonMobil Savings Plan arising out of Charles Ray Hall's employment with ExxonMobil as of March 11, 2013, that portion being a sum certain, together with any interest, dividend, gains, or losses on that amount arising since that date and more particularly defined in a Qualified Domestic Relations Order signed by the Court on the day this Final Decree of Divorce is signed.

> H-6. All individual retirement accounts, simplified employee pensions, annuities and variable annuity life insurance benefits in the husband's name.

The specific language of the decree awarded Sandra the following:

> W-5. A portion of Charles Ray Hall's retirement benefits in ExxonMobil Savings Plan arising out of Charles Ray Hall's employment with ExxonMobil as of March 11, 2013, that portion being ExxonMobil, together with any interest, dividend, gains, or losses on that amount arising since that date and more particularly defined in a Qualified Domestic Relations Order signed by the Court on the day this Final Decree of Divorce is signed.

The Qualified Domestic Relations Order awarded Sandra as Alternate Payee the sum of $150,000.00.

On March 19, 2014, Sandra filed a Petition for Post-Divorce Division of Property after discovering that Charles had not disclosed to her that he had an ExxonMobil Pension Plan. This appeal from the trial court denying Sandra's petition.

## SUMMARY OF THE ARGUMENT

Issue 1. The trial court abused its discretion by denying Sandra's petition for post-divorce division of assets because she proved that the property requested to be divided was not divided by the Final Decree of Divorce. The 2013 Decree was silent as to a division of the ExxonMobil Pension Plan. Because the 2013 Decree is unambiguous in its silence, the language of the 2013 Decree must be interpreted according to contract law. Contract law requires that the trial court look only at the intentions of the parties as manifested by the contract itself.

## ARGUMENTS AND AUTHORITIES

Issue one: The trial court abused its discretion by denying former Wife's petition for post-divorce division of assets because wife proved that the property requested to be divided was not divided by the Final Decree of Divorce.

### A. *Standard of Review*

A trial court's ruling on a post-divorce division of assets is reviewed under an abuse of discretion standard. *In Re Marriage of McDonald,* 118 S.W.3d 829, 832 (Tex.App. – Texarkana) 2003, pet. denied). A clear abuse of discretion is shown when the division of property is manifestly unjust. *Mann v. Mann,* 607 S.W.2d 243, 245 (Tex. 1980).

-3-

*B.    Pertinent Facts*

The 2013 Decree specifically award the ExxonMobil Savings Plan but does not mention in the awards to either Sandra or Charles the pension plan, either simply as "pension plan" or ExxonMobil Pension Plan.  Charles further testified that at the time of his retirement, the ExxonMobil Pension Plan was worth about $900,000.00. (RR 20)

The testimony of Tim Satre, a certified divorce financial planner when questioned during the hearing by Sandra's counsel stated that the 2013 Decree did not specifically address either pension. (RR 44). He further stated that the pension plan could not have been described or defined as an individual retirement account, a simplified employee pension, an annuity or variable annuity life insurance. (RR 44).

Under questioning by the trial court, Tim Satre could not identify where the pension plan was awarded under any of the awards made to Charles:

> Q.    All right. So, there's – so, a pension plan, would it ever be
> – would a pension plan ever be considered a financial
> institution?
>
> A.    Where are you looking?
>
> Q.    I'm looking at H-3 actually.
>
> A.    No.

Q.    Okay. All right. And, then, let's see. All right. So, there is – there is a difference, a significant – I mean there's an identifiable difference between annuity and a pension plan?

A.    Yes. And this reflects most of the time in these divorce decree I see that an annuity would a separate contract you buy, insurance company generally never referred to as a pension.

Q.    Okay.

(RR-51)

Q.    All rights. And H-8, the pension plan would never – could never be defined as a brokerage account or fall into any of those categories, or could they?

A.    Not a brokerage account, no. I mean, they wouldn't generally be referred as a brokerage account, stocks, bonds, mutual funds, securities. No. They would be referred to as some type of qualified retirement plan.

Q.    Okay.

(RR-52)

Under cross examination by Charles' counsel, Tim Satre denied that the ExxonMobil Pension Plan could be characterized, defined or described as an individual retirement accounts or a simplified employee pension. (RR 54).

C.    *Applicable Law*

The Texas Family Code provides that former spouses may file a suit to divide property not divided or awarded in a final decree of divorce. T.F.C §9.201. Post-divorce partition is an appropriate vehicle to address an undivided or overlooked asset. *Bishop v. Bishop*, 74 S.W.3d 877, 879 (Tex.App.-San Antonio 2002, no pet.); *Mayes v. Stewart*, 11 S.W.3d 440, 448 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Post-divorce division is appropriate where the divorce decree does not consider, contemplate or purport to dispose of the property, or where the property has been overlooked and as a result has gone undivided. *Stephens v. Marlowe,* 20 S.W.3d 250 (Tex.App. – Texarkana 2000).

To interpret the property award in an agreed divorce decree, the language of the decree will be interpreted according to contract law and not the law of judgments. *Allen v Allen*, 717 S.W.2d 311, 313 (Tex. 1986).

Because an agreed final decree of divorce case is a contract, the court must look to the intentions of the parties as manifested in the four corners of the document. *Thompson v. Thompson*, 500 S.W. 2d 203 (Tex. App-Dallas 1973). A contract is ambiguous when its terms are susceptible to more than one meaning. *Coker v. Coker*,

650 S.W. 2d 391, 393 (Tex. 1983.) Whether a divorce decree is ambiguous is a question of law, and the court must adhere to the literal language of an unambiguous decree. *Hagen v. Hagen,* 282 S.W. 3d 899, 901-02 (Tex. 2009).

### D. Argument

Divorce decree language is often drafted broadly enough that it includes property not specifically awarded. In many cases, residuary clauses awarding undivided property to the person in possession and language such as "any and all sums" and "any other rights" is enough to show that the award was contemplated or considered. However, in the present decree, it is telling that the award of the ExxonMobil Savings Plan was specific, but the decree omits any mention of even the generic term pension plan. The only expert to testify in at the final hearing unequivocally testified under direct examination, cross-examination and questioning by the court that the award of the pension plan did not fall under any of the other awards to Charles under the 2013 Decree. The court contrasted the language of the 2013 Decree with the language of the prior decree for which the bill of review was granted and wherein the pension plan was mentioned, but only as the generic award of the pension plan to Charles. RR 53

In *Thompson*, the parties entered an agreed divorce decree that purported to dispose of all community property. However, the decree failed to mention a joint venture entered by husband. The Court of Appeals, after examining the decree and

the summary judgment evidence, decided that the parties did not effectively carry out the intention by dividing all their property. *Id* at 207. The decree is binding, and it is res judicata only as to the property awarded and brought within the jurisdiction of the court. If property was omitted from such consideration, it might authorize the opening of the decree as to property. *Id* at 208. If the decree can be given a certain or definite legal meaning or interpretation, then it is not ambiguous, and the court will construe the contract as a matter of law.

In *Stirling v. Stirling,* 02-10-00329-CV, (Tex. App.-Fort Worth 2011), the award of property to husband included "any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee saving plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment…" Wife filed a petition for post-divorce division. The trial court awarded wife fifty percent of the community property interest in husband's pension plan. The court of appeals reversed. The decree expressly awarded the pension plan to Husband.

If the decree is silent as to an award, then it remains undivided and is subject to a just and right division by the Court. The 2013 Decree is utterly silent as to the ExxonMobil Pension Plan that is part of the ExxonMobil benefits package.

## CONCLUSION AND PRAYER FOR RELIEF

Because the language of the decree is unambiguous and fails to divide the ExxonMobil Pension Plan, the trial court abused its discretion in denying Sandra Embesi's Petition for Post-Divorce Division of Property.

WHEREFORE, PREMISES CONSIDERED Appellant, Sandra Embesi, prays this Court to, in all things, affirm the judgment of the trial court.

Respectfully submitted,

SMITH § SHIPLEY, LLP
Attorneys at Law
2750 IH-10 East, Suite 200
Beaumont, Texas 77703
Tel: (409) 899-1046
Fax: (409) 899-2648

By:_____
    Jolei Shipley
    State Bar No. 24041909
    jshipley@smithshipley.com
    Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I certify that this document brief/petition was prepared with Microsoft Word 2010, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contains 2333 words.

Respectfully submitted,

SMITH § SHIPLEY, LLP
Attorneys at Law
2750 IH-10 East, Suite 200
Beaumont, Texas 77703
Tel: (409) 899-1046
Fax: (409) 899-2648

By: _____
Jolei Shipley
State Bar No. 24041909
jshipley@smithshipley.com
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on Appellant's counsel of record in accordance with the Texas Rules of Court on this 13th day of December, 2017, as follows:

**Via Electronic Service**

Mr. Clint Lewis

The Lewis Law Firm

8445 Gladys Ave.

Beaumont, Texas 77706

By:_____

Jolei Shipley