

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| JAYLA CHAIRSE, | ) | No. ED113189 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondent. | ) | FILED: September 16, 2025 |

Jayla Chairse appeals the decision of the Labor and Industrial Relations Commission ("Commission") dismissing her application for review. Because Chairse's notice of appeal was untimely, we dismiss the appeal.

## Background

On March 1, 2023, the Division of Employment Security ("Division") determined that Chairse had been overpaid $2,142 in unemployment benefits during a period of disqualification. On January 24, 2024, Chairse appealed to the Appeals Tribunal, which dismissed her appeal as untimely on February 16, 2024. Five months later, on July 15, 2024, she filed an application for review with the Commission. On August 8, 2024, the Commission entered an order dismissing the application as untimely. The order included a certification from the Secretary to the Commission that copies "were mailed to all interested parties" that same day. Chairse filed a notice of appeal to this Court on December 4, 2024.

**Discussion**

Before we can consider the merits of Chairse's appeal, we must consider whether we have jurisdiction to do so. *Dorcis v. Div. of Emp. Sec.*, 168 S.W.3d 728, 729 (Mo. App. E.D. 2005). The Division contends we must dismiss the appeal because Chairse failed to file her notice of appeal to this Court within the time limit set forth in section 288.210.[1] We agree.

"The right of an appeal is purely statutory." *Abraham v. Div. of Emp. Sec.*, 299 S.W.3d 50, 51 (Mo. App. E.D. 2009). A notice of appeal to this Court from a decision of the Commission must be filed within 20 days after the decision becomes final. Section 288.210. A decision of the Commission becomes final 10 days after the date of mailing to the parties. Section 288.200.2. Here, the Secretary to the Commission certified that copies of the order were mailed to the parties on August 8, 2024. The decision became final after 10 days, and the 20-day deadline to file a notice of appeal fell on September 9, 2024.[2] *See* sections 288.200.2, 288.210. Chairse's notice of appeal, which she filed on December 4, 2024, was untimely.

The unemployment statutes do not provide a procedure for filing a late notice of appeal. *Ross v. Div. of Emp. Sec.*, 332 S.W.3d 922, 922 (Mo. App. E.D. 2011). While there are procedures for filing a late notice of appeal in other civil matters, they do not apply to special statutory proceedings such as unemployment cases under Chapter 288. *Heffner v. Div. of Emp. Sec.*, 345 S.W.3d 393, 394 (Mo. App. E.D. 2011). Consequently, "an untimely filing of a notice of appeal deprives this Court of jurisdiction to entertain the appeal." *Bass v. Yong Min Kim*, 101 S.W.3d 333, 334 (Mo. App. E.D. 2003).

---

[1] All statutory references are to RSMo (2016).

[2] The twentieth day from the date the Commission's decision became final was Saturday, September 7, 2024, so the notice of appeal was due the following Monday, September 9, 2024. *See* section 288.240 ("In instances where the last day for the filing of any such paper falls on a Saturday, Sunday, or legal holiday, the filing shall be deemed timely if accomplished on the next day which is neither a Saturday, Sunday, nor legal holiday.").

Chairse contends this Court cannot properly evaluate jurisdiction because the record lacks sufficient evidence to establish the mailing of the Commission's order. Although Chairse concedes that the order itself, which is included in the record, contains a certification of mailing, she claims this alone is inadequate. Chairse relies on *Kline v. Division of Employment Security*, 705 S.W.3d 95, 103 (Mo. App. E.D. 2025), where this Court reversed the Commission's overpayment determinations due to the absence of evidence in the record that the claimant's attorney received notice of the hearings on the claimant's appeals. "Where notice is at issue," the *Kline* Court held, "a finding that notice was sent on a particular date is not supported by sufficient evidence absent supporting documentation in the record, such as copies of an envelope, a certified mail receipt, or an affidavit certifying that notice was sent." *Id.* at 101 (footnote omitted).

We reject Chairse's argument that the record lacks sufficient evidence of notice. Missouri courts have consistently recognized that a certification of mailing from the Commission establishes when notice was sent and adequately supports a finding that an appeal was untimely. *See Bode v. Pro. Rehab. Servs.*, 476 S.W.3d 297, 298 (Mo. App. E.D. 2015); *Dixon v. Stoam Indus., Inc.*, 216 S.W.3d 684, 686 (Mo. App. S.D. 2006); *Abraham*, 299 S.W.3d at 51. A certification from the Secretary to the Commission is certainly on par with the examples of acceptable supporting documentation listed in *Kline*. *See Bode*, 476 S.W.3d at 298. Further, the *Kline* Court highlighted that the Code of State Regulations requires the hearing officer or a designated Division appeals clerk to "complete a certification that the Notice of Hearing was mailed to each of the parties and representatives of record," but no such certification was included in the record. 705 S.W.3d at 102 (citing 8 C.S.R. 10-5.015(5)(B) (effective June 30, 2018)). Thus, in *Kline*, other supporting documentation was necessary to establish sufficient evidence of notice. Not so here.

3

The certification from the Secretary to the Commission is sufficient evidence that the Commission's order was mailed to Chairse on August 8, 2024, making her notice of appeal due on September 9, 2024. *See* sections 288.200.2, 288.210.1. Because Chairse did not file her notice of appeal until months later, we lack jurisdiction and must dismiss the appeal. *See Bass*, 101 S.W.3d at 334.

## Conclusion

For the foregoing reasons, the appeal is dismissed.

_____
MICHAEL E. GARDNER, Judge

Robert M. Clayton III, P.J., concurs.
Lisa P. Page, J., concurs.

4